## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF KANSAS

CURTIS SCHIPPER,                          )
                                          )
                    Plaintiff,            )
                                          )
          vs.                             )       Civil Action Case No.: *07-CV-2249 JWL/DJW*
                                          )
BNSF RAILWAY COMPANY,                     )
a Railroad Corporation, and               )
MICHAEL MORGAN,                           )
                                          )
                    Defendants.           )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CURTIS SCHIPPER, by and through his attorneys,

KENNETH E. BARNES and WILLIAM J. MCMAHON, and for his cause of action against the

Defendants, BURLINGTON NORTHERN SANTA FE, a railroad corporation, and MICHAEL

MORGAN, states as follows:

1.       This action is brought under the Federal Employers' Liability Act, 45 U. S. C §§ 56,

et seq. and the Federal Regulations promulgated pursuant to those acts. Jurisdiction and venue are

proper pursuant to 45 U. S. C § 56.

2.       Plaintiff Curtis K Schipper resides at 1326 S. Burlington Street, Flagstaff, Arizona.

3.       Defendant BNSF Railway Company (BNSF) is, and was at all times relevant, a

corporation engaged in the operation of a system of railways as a common public carrier of freight

for hire between the various states of the United States and engaged in interstate commerce by

railroad.

4.       Defendant BNSF operates trains in the transportation of freight in and between the

states of Arizona, New Mexico, Texas and Kansas, and other states, and at all relevant times

mentioned, is and was engaged in business in the Wyandotte County, Kansas. Defendant's registered agent for service of process is The Corporation Company. Inc., 515 South Kansas Avenue, Topeka, Kansas, 66603.

5.      Defendant Michael Morgan resides at 4828 Trinidad Ave., Wichita, Texas.

## ALLEGATIONS
## COUNT I: FELA v. BNSF

6.      On July 10, 2005, and for a long time prior thereto and at all pertinent times, plaintiff was employed by and working for Defendant BNSF as a conductor switchman and locomotive engineer trainee. Parts of plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on July 10, 2005, plaintiff was employed and engaged with the defendant in interstate commerce.

7.      On July 10, 2005, and at all pertinent times, while plaintiff was engaged in interstate commerce with and working for defendant as a locomotive engineer trainee at Overland Park, Kansas, it became and was his duty to report to the Extended Stay America Hotel in Overland Park, Kansas.

8.      At all pertinent times, the Defendant MICHAEL MORGAN was and is an employee of Defendant BNSF.

9.      At all pertinent times, the Defendant MICHAEL MORGAN was required to be in Overland Park, Kansas as a condition of his employment with BNSF.

10.      At all pertinent times, the Defendant MICHAEL MORGAN was being paid to be in Overland Park, Kansas as a condition of his employment.

11.      Defendant MICHAEL MORGAN owned a certain 1992, Black, Honda, Accord, two-door, with Texas license plate number – C09NWS and VIN number – 1HGCB7178NA038493.

2

12.     On and before July 10, 2005, Plaintiff was an employee of BNSF.

13.     On July 10, 2005, and at all pertinent times, Plaintiff was performing work for Defendant BNSF in connection with or in furtherance of Defendant BNSF's business of interstate commerce and transportation.

14.     In the course of his duties as a locomotive engineer on July 10, 2005, and at all pertinent times, at the Extended Stay America Hotel in Overland Park, Kansas, Plaintiff was required to stay at the Extended Stay America Hotel in Overland Park, Kansas.

15.     On July 10, 2005, and at all pertinent times, while Plaintiff was in Overland Park, Kansas for the locomotive engineer training program, and while he was in the process of checking in at the Extended Stay America Hotel, Plaintiff was operating his vehicle by another BNSF employee, Michael Morgan, in the hotel's parking lot.

16.     At the time and place alleged, Defendant BNSF had a nondelegable duty to provide the Plaintiff with a reasonably safe place to work.

17.     As a result of the co-employee striking Mr. Schipper with another vehicle while Mr. Schipper was operating his vehicle, Plaintiff was severely injured.

18.     It was the continuing duty of Defendant BNSF, as employer, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe places to park.

19.     In violation of its duty, Defendant BNSF negligently and carelessly failed to provide Plaintiff with a safe place to work by committing one or more of the following negligent acts or omissions:

        a.     Failed to provide the Plaintiff with a safe work place;

        b.     Failed to adopt, install, implement and enforce a safe method and procedure for the described operation;

c.      Failed to warn the Plaintiff of the unsafe driving conditions in the parking lot;

d.      Violated certain regulations, standards and requirements in force or prescribed by the Secretary of State for the State of Kansas for Operating a vehicle;

e.      Failed to inspect the parking lot on a regular basis for unsafe conditions; or
f.      Was otherwise careless and negligent in failing to provide Plaintiff with a safe place to work.

20.     Defendant BNSF's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

21.     As a consequence, Plaintiff, CURTIS SCHIPPER, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

22.     On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) diminished ability to enjoy the normal pursuits of life.

23.     Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, CURTIS SCHIPPER, demands judgment in his favor and against Defendant BNSF in a sum in excess of $75,000.00, plus the costs of this suit.

4

## COUNT II
## NEGLIGENCE v. MICHAEL MORGAN

NOW COMES the Plaintiff, CURTIS SCHIPPER by his attorneys, WILLIAM J.

MCMAHON and HOEY & FARINA, and for his Complaint against the Defendant, MICHAEL

MORGAN, and states as follows:

24.     At all pertinent times, the Defendant MICHAEL MORGAN was and is an

employee of Defendant BNSF.

25.     At all pertinent times, the Defendant MICHAEL MORGAN was required to be in

Overland Park, Kansas as a condition of his employment with BNSF.

26.     At all pertinent times, the Defendant MICHAEL MORGAN was being paid to be

in Overland Park, Kansas as a condition of his employment.

27.     Defendant MICHAEL MORGAN owned a certain 1992, Black, Honda, Accord,

two-door, with Texas license plate number – C09NWS and VIN number –

1HGCB7178NA038493.

28.     On and before July 10, 2005, Plaintiff was an employee of BNSF.

29.     On July 10, 2005, MICHAEL MORGAN was a business invitee on the premises

of Extended Stay America Hotel at its Overland Park, Kansas location.

30.     On July 10, 2005, Plaintiff was a business invitee on the premises of Extended

Stay America Hotel at its Overland Park, Kansas location.

31.     On July 10, 2005, while Plaintiff was parking his motorcycle in the hotel parking

lot and at the hotel where employees were required to stay by the Defendant BNSF in Overland

Park, Kansas, Plaintiff was operating his motorcycle across the parking lot of the hotel in order to

park the vehicle when Defendant MICHAEL MORGAN backed out of his parking space and into

Plaintiff's motorcycle while Plaintiff was operating it.

5

32.    It was the duty of the Defendant MICHAEL MORGAN to use ordinary care for the safety of Plaintiff.

33.    In violation of his duty, at the time and place alleged, Defendant MICHAEL MORGAN, was guilty of one or more of the following negligent, careless and unlawful acts or omissions:

a.    Defendant, when backing up, failed to yield the right of way to Plaintiff's vehicle, which was traveling through the parking lot on the right of way and whose vehicle was so close as to constitute an immediate hazard in violation of K.S.A. 8-1574;

b.    Failed to exercise due care and caution to avoid colliding with the Plaintiff, contrary to and in violation of the provisions of K.S.A. 8-547;

c.    Failed to slow down, reduce speed, or stop his said motor vehicle so as to avoid any part of it from striking the Plaintiff's vehicle, or traveling so close to the Plaintiff as to pose an imminent danger to the safety of the Plaintiff in violation of K.S.A. 8-1557; or

d.    Was otherwise careless and negligent in the operation of his motor vehicle.

34.    The Defendant MICHAEL MORGAN'S violation of its aforesaid duty was a proximate cause of Plaintiff's serious injuries.

35.    As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain suffering, inconvenience, anguish, and disability.  As a further result, Plaintiff has been and, in the future, will be kept from attending to his ordinary affairs and duties and has lost and will continue to lose great gains in wages and benefits which he otherwise would have made and acquired.  As a further result, Plaintiff has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

36.    On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost

6

wages; b) diminished earning capacity; c) past and future medical expenses; d) past and future pain and suffering; e) past and future lost fringe benefits; f) past and future loss of ability to perform household services; g) diminished ability to enjoy the normal pursuits of life.

37.    Plaintiff requests trial by jury.

WHEREFORE, Plaintiff, CURTIS SCHIPPER demands judgment in his favor and against Defendant, MICHAEL MORGAN, in a sum in excess of $75,000.00 to be determined by the jury plus the costs of this suit.

Respectfully submitted,

Kenneth E. Barnes, KS Bar No. 19381
Attorney for Plaintiff Curtis Schipper
THE BARNES LAW FIRM, L.L.C.
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone:    816.876.2600
Fax No.:       816.221.8763
Email: kbarnes@law4321.com

and

William J. McMahon
Attorney for Plaintiff Curtis Schipper
HOEY & FARINA, P.C.
542 S. Dearborn Street, Suite 200
Chicago, IL 60605
Telephone:    312.939.1212
Fax No.:       312.939.7842
Email: wmcmahon@hoeyfarina.com

* Plaintiff designates Kansas City, Kansas, as place of trial.