DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CURTIS SCHIPPER,**

        **Plaintiff,**

v.                                                 Case No. 06-2376-JWL-DJW

**BNSF RAILWAY COMPANY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Deem Objections to Written Discovery Waived (doc. 25) filed by Defendant Burlington Northern Santa Fe Railway ("BNSF"). For the reasons stated below, BNSF's motion is denied in part and granted in part.

**I.    Nature of the Matter Before the Court and Background Information**

Plaintiff Schipper brings this action against Defendants BNSF and Michael Morgan, asserting claims under the Federal Employers' Liability Act[1] and common law negligence. BNSF served forty interrogatories on Plaintiff, and Plaintiff objected to six of those interrogatories on the basis of relevance and "collateral source."[2] Notwithstanding his objections, Plaintiff proceeded to provide an answer to each interrogatory.

BNSF moves the Court to deem the objections waived because of the contemporaneous answers to the interrogatories. BNSF also moves for "such other and further relief as the court

---

[1] 45 U.S.C. §§ 56 *et. seq*.

[2] Objections were asserted to Interrogatories No. 8, 31(e), 32, 34, 36, and 37.

deems just and proper."[3]

In opposing BNSF's Motion, Plaintiff concedes that he fully answered the interrogatories despite asserting his objections. He states that in asserting his objections, his intent was only to "place[ ] the defendant railroad on notice that the plaintiff objects to the introduction of the requested information *at trial.*"[4]

**II.    Discussion**

BNSF argues that by answering the interrogatories, Plaintiff waived his asserted objections. In support, BNSF cites a 1964 decision, *Meese v. Eaton Manufacturing Company,*[5] in which the court held that a party's objections to interrogatories were waived because the party simultaneously answered the interrogatories.[6] The *Meese* court stated: "Whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands."[7]

BNSF fails to recognize that the *Meese* decision is no longer good law. Federal Rule of Civil Procedure 33, which governs interrogatories, was amended in 1993. Where previously the Rule said that if an objection was asserted it would be *in lieu of answer*, the 1993 amendment provided that the responding party must answer to the extent the interrogatory is not objectionable, despite the

---

[3] BNSF Mot. to Deem Objections to Written Disc. Waived (doc. 25) at p. 1.

[4] Pl.'s Mem. of Law in Resp. to Def.'s Mot. to Deem Objections to Written Disc. Waived at p. 2 (emphasis added).

[5] 35 F.R.D. 162 (N.D. Ohio 1964).

[6] *Id.* at 166.

[7] *Id.*

objection.[8]  The current version of Rule[9] is similar, and provides as follows: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[10] Thus, a party may assert an objection and still respond to the interrogatory.

In this case, based on the information Plaintiff has provided in its response to the Motion, it is now clear that Plaintiff is not objecting to the interrogatory on the basis that the information is not discoverable, but on the basis that the information is not admissible at trial. Plaintiff's objection is not a valid one.

Interrogatories are discovery tools, whose function is to enable a party to prepare for trial, to narrow the issues and help determine what evidence will be needed at trial, and to reduce the possibility of surprise at trial.[11]  An interrogatory is not objectionable merely because it seeks information that may be inadmissible at trial.[12] Indeed, Federal Rule of Civil Procedure 26(b)(1) expressly states that information need not be admissible at trial in order to be discoverable so long as it appears reasonably calculated to lead to the discovery of admissible evidence.[13]

---

[8]Fed. R. Civ. P. 33(b)(1) advisory committee note, 1993 amendment, 146 F.R.D. at 676. *See also* 8A Charles Alan Wright, Arthur R. Milller & Richard L. Marcus, *Federal Practice and Procedure*, § 2173 at p. 296 (2d ed. 1994).

[9]Rule 33 was amended "as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 33 advisory committee note, 2007 amendment.

[10]Fed. R. Civ. P. 33(b)(1) (2007 amendment).

[11]Wright, Miller & Marcus, *supra* note 8, § 2163 at p. 217.

[12]*See U.S. v. Shaw*, No. 04-2503-RDR-JPO, 2005 WL 3418497, at *3 (D. Kan. Nov. 1, 2005) (noting that discoverability and admissibility are "two distinct inquiries" and that an objection to admissibility should be raised as a motion in limine and not in discovery); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 685 (D. Kan. 2004) (overruling inadmissibility objection to interrogatory seeking information regarding settlement of other cases).

[13]Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff has asserted no objection that the interrogatories at issue are not calculated to lead to the discovery of admissible evidence nor does he argue that in his response to BNSF's Motion. His objections go only to the admissibility of the information at trial.

In light of the above, the Court cannot find that Plaintiff has waived any objections. The Court does, however, find that Plaintiff's objections to these interrogatories are not valid discovery objections.

As Plaintiff has not waived any objections, the Court denies BNSF"s Motion to the extent it seeks an order deeming the objections waived. To the extent BNSF seeks "such other and further relief as the court deems just and proper," the Court will overrule Plaintiff's objections to the interrogatories at issue. In the usual case, the overruling of the objection will result in the Court compelling the responding party to answer the interrogatory. Here, however, Plaintiff represents that he has fully answered the interrogatories. Thus, there is no basis for the Court to compel Plaintiff to amend or supplement his answers.

**IT IS THEREFORE ORDERED** that BNSF's Motion to Deem Objections to Written Discovery Waived (doc. 25) is denied to the extent BNSF seeks an order deeming Plaintiff's objections to the interrogatories waived, but granted to the extent the Court overrules Plaintiff's objections to the interrogatories.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of June 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties