IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS SCHIPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-2249-JPO |
| | ) |
| BNSF RAILWAY COMPANY and | ) |
| MICHAEL MORGAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the court on the motion of defendant BNSF Railway Company ("BNSF") to bifurcate the issue of the medical causation of plaintiff's alleged injuries **(doc. 85)**. BNSF's motion has been timely opposed by both co-defendant Michael Morgan and the plaintiff, Curtis Schipper (*see* docs. 87 & 88, respectively). For the reasons set forth below, the court denies the instant motion.

This case arises out of a motorcycle-automobile collision between plaintiff and Morgan in the parking lot of a hotel in Overland Park, Kansas on July 10, 2005. Plaintiff and Morgan, both employees of BNSF, were staying at the hotel while attending training programs at Johnson County Community College, at the direction of BNSF. Plaintiff claims he was injured as the result of this accident and has brought a negligence claim against BNSF under the Federal Employee Liability Act, 45 U.S.C. §51 et seq. ("FELA"). Plaintiff has also brought a claim against Morgan for common law negligence. On July 16, 2008, the court

denied cross-motions for summary judgment on the issue of whether FELA applies, reasoning there was a fact question as to whether plaintiff and Morgan were acting in the scope of their employment at the time of the subject occurrence (*see* doc. 79).  On October 14, 2008, BNSF filed the instant motion requesting the court bifurcate the issue of the medical causation of plaintiff's alleged injuries from the issues of liability, scope of employment, applicability of the FELA, and the alternative claims against defendants.  BNSF argues this "reverse" bifurcation would be economically advantageous to all parties, would avoid submitting confusing issues to the jury, and could potentially resolve other claims in the case.

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ."  "The court has broad discretion in determining whether to sever issues at trial."[1]  Generally, "the party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience."[2]

In opposing BNSF's motion, Morgan argues that bifurcation of the issues in this case would actually increase the cost and time spent for litigation and will be inconvenient for the

---

[1] *Victor Co., L.L.C. v. Ortho Organizers, Inc.*, No. 96-2123, 1996 WL 704404, at *1 (D. Kan. Nov. 5, 1996) (citing *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993)).

[2] *Pulsecard, Inc. v. Discover Card Servs, Inc.*, No. 94-2304, 1995 WL 769174, at *1 (D. Kan. Dec. 21, 1995) (citations omitted).

parties.  Morgan points out that he lives in Texas and should not be required to attend two separate trials on this matter.  Morgan disagrees with BNSF that the issues being presented will be confusing to the jury or the jury instructions will be too complicated to understand.

Plaintiff opposes bifurcation on the grounds the burden of proving damages is directly related to the threshold issue of the scope of employment.  Plaintiff argues the bifurcation approach suggested by BNSF would only serve to complicate matters and the trial of this case should proceed in the normal and typical course, i.e., liability determination and then a damages determination.

Upon consideration of the arguments and the applicable law, the court is not persuaded a separate trial on the issue of the medical causation of plaintiff's alleged injuries is warranted.  Although BNSF asserts a state court judge utilized the proposed reverse bifurcation procedure, BNSF has not cited any persuasive authority in support of the instant motion.  The court is unconvinced the issues, if presented in one trial, will be too confusing for the jury to understand.  The court is also confident the court and the parties will be able to prepare a set of instructions which the jury will be able to follow.  Lastly, the court finds separate trials may, in fact, be more burdensome considering all the parties, as well as a majority of the witnesses, must travel from out of state.

In consideration of the foregoing, the court denies BNSF's motion to bifurcate (**doc. 85**).

IT IS SO ORDERED.

Dated this 12th day of December, 2008, at Kansas City, Kansas.

                                                  _s/ James P. O'Hara_
                                                  James P. O'Hara
                                                  U.S. Magistrate Judge