IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS SCHIPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-2249-JPO |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER IN LIMINE

This case arises out of a motorcycle-automobile collision between the plaintiff, Curtis Schipper, and Michael Morgan in a hotel parking lot in Overland Park, Kansas. Plaintiff and Morgan were both employees of the defendant, BNSF Railway Company ("BNSF"), and were staying at the hotel while attending training programs at the direction of defendant. Plaintiff claims he was injured as the result of this accident and has brought a negligence claim against defendant under the Federal Employee Liability Act, 45 U.S.C. § 51 et seq. ("FELA").[1]

Jury trial is scheduled to begin on April 20, 2009. On April 13, 2009, the court convened a status and limine conference. During the conference, the court took up the

---

[1]Plaintiff also sued Morgan, but plaintiff's counsel has informed the court that plaintiff reached a settlement with Morgan on April 13, 2009. Plaintiff's counsel represented that plaintiff and Morgan would file a stipulation of dismissal by April 15, 2009. As used in this limine order, "defendant" refers only to BNSF.

parties' motions in limine **(docs. 91 & 108)**[2] and plaintiff's motion to compel certain railroad employee witnesses at trial **(doc. 104)**. Counsel were accorded an opportunity to supplement their written submissions with oral argument. The court then ruled on the motions, as memorialized in this order.

### I. Motions In Limine

In ruling on the parties' motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.

*First Sav. Bank, F.S.B. v. U.S. Bancorp,* 117 F. Supp. 2d, 1078, 1082 (D. Kan. 2000) (internal quotations and citations omitted).

### A. Plaintiff's Motion in Limine

Plaintiff filed a motion in limine **(doc. 108)** with sub-parts numbered 1–7 and 9–13.[3]

---

[2]The court did not address the merits of Morgan's motion in limine (doc. 103). The court has entered a separate text order denying Morgan's motion as moot in light of the above-referenced settlement (*see* doc. 124).

[3]Plaintiff's motion in limine, while styled as separate motions, was filed as a single document and did not include a sub-part numbered 8.

Defendant does not object to sub-parts 1–5, 10, 12, and 13. Without considering the merits of sub-parts 1–4, 10, 12, and 13, the court grants plaintiff's motion in limine with respect to these sub-parts as unopposed, i.e., the court will treat these sub-parts as stipulations at trial.[4]

---

[4]Many of the unopposed sub-parts of plaintiff's motion in limine request evidence preclusion that go further than the court otherwise would have granted. In any event, as stipulated by the parties, defendant shall not present any evidence nor make any mention in the presence of the jury concerning the following:

(1) any statements taken that have not yet been produced in discovery;

any opinions from any Rule 26 witnesses that have not been produced in discovery;

any evidence that has not yet been identified previously in discovery.

(2) any demonstrative or physical evidence in the presence of the jury until the court has ruled on its admissibility and determined that it is not unduly prejudicial.

(3) testimony of any fact witness not previously disclosed.

(4) any reference to any document or thing not properly admitted into evidence.

. . .

(10) the testimony of any witnesses or any evidence suggesting or contending that plaintiff assumed the risk for his injuries, as such a defense is not permitted in a FELA action.

. . .

(12) any and all surveillance videos or photographs not produced in discovery.

(13) evidence, interrogation, testimony, argument, or reference that plaintiff killed a man as part of his duties as a Sheriff in Nebraska.

Sub-part 5 to plaintiff's motion in limine, though unopposed, is granted in part and denied in part. In accordance with the court's standard practice under Fed. R. Evid. 615 and the agreement reached by the parties during the conference, sub-part 5 is granted to the extent that all non-party witnesses shall be barred from the courtroom *before* the time of their testimony. The motion is denied to the extent that it sought to bar non-party witnesses from the courtroom *after* completing their testimony. That is, if a witness elects to remain in the courtroom after first testifying, he or she will not be allowed to be recalled to the witness stand by either party unless agreed by the parties or as ordered by the court upon motion with a showing of manifest injustice if the witness were not allowed to be recalled.

Defendant objects to sub-parts 6, 7, 9, and 11 of plaintiff's motion in limine, and the court will now address each in turn.

Sub-part 6 of plaintiff's motion in limine seeks to bar evidence that plaintiff could have performed alternative jobs during the time that he was off work from BNSF following the subject incident. At the conference, counsel for the parties represented that there is no evidence in the discovery record on this point. Given the current record, the court grants sub-part 6.

Sub-part 7 of plaintiff's motion in limine seeks to bar evidence alluding to any receipt by plaintiff of railroad disability benefits. Plaintiff asserts that such benefits constitute a collateral source and are inadmissible under *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 (1963). Defendant asks the court to follow the First Circuit's decision in *McGrath v. Consolidated Rail Corp.*, 136 F.3d 838, 841 (1st Cir. 1998), which despite *Eichel* upheld

the district court's admission of collateral source benefits into evidence—under a Fed. R. Evid. 403 balancing analysis—to show that the plaintiff malingered and lacked motivation to return to work. In this case, however, defense counsel conceded at the conference that nothing in the discovery record suggests that plaintiff malingered. Thus, given the current state of record at least, even were *McGrath* to be followed, the court finds under Rule 403 that the probative value of evidence of plaintiff's receipt of disability benefits would be outweighed by the danger of unfair prejudice and confusion to the jury. Subject to a better record being developed by BNSF on this point, the court grants sub-part 7.

Sub-part 9 of plaintiff's motion in limine seeks to bar evidence of plaintiff's pre-existing medical conditions. At the conference, despite the broad language used in the motion, plaintiff's counsel clarified that sub-part 9 was *not* intended to preclude pre-existing medical evidence specifically related to the condition of plaintiff's hip, which is the area of the body that plaintiff claims was injured in the subject occurrence with Morgan. Plaintiff's counsel acknowledged that evidence of any pre-existing hip condition is relevant. Defense counsel then agreed that defendant would not introduce evidence at trial of plaintiff's more general medical conditions. Thus, sub-part 9 is denied to the extent it relates to evidence of any pre-existing hip condition suffered by plaintiff, and is denied as moot to the extent it relates to evidence of plaintiff's more general pre-existing medical conditions.

Sub-part 11 of plaintiff's motion in limine seeks to bar evidence that plaintiff fell at a Taco Bell restaurant. Defense counsel represented at conference that defendant would not inquire about any such fall. Sub-part 11 is therefore denied as moot.

### B. Defendant's Motion in Limine

Defendant filed a motion in limine **(doc. 91)** with seventeen sub-parts. Plaintiff does not object to sub-parts 1–3, 6–8, and 10–17.[5] Here again without considering the merits of sub-parts 1–3, 6–8, and 10–17, the court grants defendant's motion in limine with respect to these sub-parts as unopposed, and the court will treat these sub-parts as stipulations at trial.[6]

---

[5] Plaintiff objected to sub-part 14 in his written response, but clarified at the conference that he did not oppose sub-part 14 insofar as the calculation of damages under FELA is concerned.

[6] As before, the court notes that many of the unopposed sub-parts request evidence preclusion that go further than the court otherwise would have granted. In any event, as stipulated by the parties, plaintiff shall not present any evidence nor make any mention in the presence of the jury concerning the following:

(1) any statement, claim, or argument regarding the alleged "Congressional intent" of FELA.

(2) any comparison or analogy of FELA to workers' compensation laws.

(3) any reference to other claims or lawsuits, if any, against BNSF.

. . .

(6) any evidence relating to the wealth or poverty of any party and/or any evidence of the financial disparity between the parties.

(7) any physical demonstration before the jury.

(8) any reference to defendant being "self-insured."

. . .

(10) questioning of the jury panel regarding the source of payment of any damage award.

(11) any reference to any potential settlement or compromise negotiations.

Plaintiff objects to sub-parts 4, 5, and 9 of defendant's motion in limine, and the court will now address each in turn.

Sub-part 4 of defendant's motion in limine seeks to bar evidence of "remedial conduct." At the limine conference, defense counsel withdrew sub-part 4. Sub-part 4 is thus denied as moot.

Sub-part 5 of defendant's motion in limine seeks to bar evidence of the payment of plaintiff's medical bills or health-related expenses. At the conference, plaintiff's counsel stated that plaintiff did not oppose sub-part 5 to the extent that it would bar evidence related to medical bills incurred from the date of the occurrence through the date of trial, but that plaintiff would like to introduce evidence of *future* medical expenses that he might incur as a result of the accident. Sub-part 5 is granted as unopposed as it relates to medical expenses incurred from the date of the occurrence to the date of trial, and is denied as it relates to

---

(12) suggestion that any damage award entered in this matter is subject to taxation.

(13) discussion of the effects of inflation on any damage award.

(14) use gross wage figures as opposed to net income.

(15) references to prejudgment interest.

(16) any reference, either directly or indirectly, to any alleged "disability rating" expressed as a "percentage of disability," "functional disability rating," or some other statutory workers' compensation concept which is not a recognized standard in such common law negligence actions as the case at bar.

(17) any deposition testimony until defendant's counsel is first afforded a reasonable opportunity to review and state any necessary objections to the proffered testimony.

medical expenses that may be incurred after trial.

Sub-part 9 of defendant's motion in limine seeks to bar plaintiff from describing the railroad industry as "dangerous." At the conference, plaintiff's counsel acknowledged that the safety record of the railroad industry is not an issue in this particular case, in that the subject occurrence was in a hotel parking lot instead of a railroad yard. Sub-part 9 is therefore granted.

### II.     Motion to Compel Railroad Employee Witnesses at Trial

Plaintiff filed a motion to compel defendant to produce certain named railroad employees at trial **(doc. 104)**. At the conference, defendant agreed to produce three of these employees—Steve Rice, Larry Hunter, and Warren Scholl—who live within 100 miles of the courthouse. Defendant also stated that it had no objection to producing a fourth employee, D.R. Marks, but that Marks is unavailable the week in which trial is currently scheduled; the parties then agreed to submit Marks's testimony by deposition. The remaining employees listed in plaintiff's motion to compel—T.M. Blondell, Theron Freeman, Tim Martin, and L. Monroe—live outside of Kansas and more than 100 miles from the courthouse. Plaintiff conceded at the conference that defendant has no obligation to produce these witnesses. Plaintiff's motion to compel is denied as moot with respect to Rice, Hunter, Scholl, and Marks, and is denied on the merits with respect to Blondell, Freeman, Martin, and Monroe.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.     Plaintiff's motion in limine **(doc. 108)** is granted in part and denied in part.

2. Defendant's motion in limine **(doc. 91)** is granted in part and denied in part.

3. Plaintiff's motion to compel railroad employee witnesses at trial **(doc. 104)** is denied.

Dated this 14th day of April, 2009, at Kansas City, Kansas.

                                         s/ James P. O'Hara
                                        James P. O'Hara
                                        U.S. Magistrate Judge